**ADAM COOK**
**EVERETT COOK LAW**
**Attorneys at Law**
217 East Park Avenue
P. O. Box 969
Anaconda, Montana 59711
Telephone: (406) 563-5005
Fax: (406) 563-0380
**ATTORNEYS FOR PLAINTIFF**

## IN THE UNITED STATE DISTRICT COURT
## DISTRICT OF MONTANA
## BUTTE DIVISION

| | |
|---|---|
| **ANTHONY CASSIDY SR.,**<br><br>**Plaintiff,**<br>v.<br><br>**GARNET USA, LLC, d/b/a GMA MINING USA,**<br><br>**Defendant.** | Cause No.<br><br><br>**COMPLAINT** |

COMES NOW ANTHONY CASSIDY SR., by and through his attorneys of Everett Cook Law, and for his cause of against the defendants, claims and alleges as follows:

**I**

Plaintiff ANTHONY CASSIDY SR., has been and continues to be a resident of the city of Whitehall, State of Montana. The basis for

1 COMPLAINT

jurisdiction is 28 U.S.C. § 1331, as the Federal Courts have original jurisdiction over all civil actions arising under the laws of the United States.

## II

Defendant GARNET USA, LLC, d/b/a GMA Mining USA, hereinafter referred to as "GMA," has been and continues to be a domestic limited liability company located in Alder, Montana.

## III

GMA offered Mr. Cassidy the position of Level One Dry Plant Operator with its company. As a condition of employment, GMA required Mr. Cassidy to submit to a pre-employment physical.

## IV

Mr. Cassidy reported to Beaverhead Urgent Care and Family Practice on February 19, 2020, for his pre-employment physical. Julie Seminara, MPAS, PA-C conducted a physical examination on behalf of GMA and noted that Mr. Cassidy was not qualified for duty "without stress EKG or 24 hour BP monitor per my supervising physician."

## V

Following that visit, Defendant informed Cassidy that he had not passed the physical examination. Plaintiff offered to complete the 24 hour BP monitoring and/or stress EKG to show defendant he was physically

2 COMPLAINT

capable of performing the essential job functions. Defendant declined Plaintiff's offer.

## VI

On February 21, 2020, Cassidy reported to Dr. Joseph Sofianek based on the concerns raised in the physical examination conducted by Julie Seminara. Dr. Joseph Sofianek cleared Cassidy for duty and specifically found that Plaintiff did not have any health concerns that would have prevented him from performing the essential functions of the job of Plant Operator Level 1 as described in Defendant's job description. Cassidy reported Dr. Sofianek's findings to Defendant and offered again to perform the Stress EKG and/or 24 hour BP monitoring despite Dr. Sofianek's findings.

## VII

On February 26, 2020, GMA mailed a letter to Mr. Cassidy withdrawing its offer of employment because GMA received "unsatisfactory results in [Mr. Cassidy's] pre-employment physical." Defendant refused to authorize the additional testing recommended by PA Seminara, it refused to accept the findings of Plaintiff's personal physician Dr. Sofianek, and it refused to accept the results of tests Plaintiff offered to undergo.

## VIII

Plaintiff was not disabled and he was fully capable of performing the essential functions of the offered job without accommodation.

## IX

GMA unlawfully discriminated against Mr. Cassidy, in violation of the Montana Human Rights Act, the Americans With Disabilities Act and the ADA Amendments Act, including but not limited to: when it withdrew his offer of employment and refused employment to him on the basis of perceived physical disability, when it regarded him as disabled, when it failed to enter the interactive process with him, when it failed to discuss the results of his pre-employment physical with him, and when it failed to discuss the seriousness of his perceived disability.

## X

Defendants GMA acted with malice and/or reckless indifference to the federally protected rights of plaintiff and should be required to pay punitive damages as a result.

WHEREFORE, Plaintiff ANTHONY CASSIDY SR. prays judgment against Defendant as follows:

1. For Plaintiff's past, present, and future lost wages;

2. For compensatory damages;

3. For all other general damages including emotional distress;

4. For punitive damages;

5. For attorney's fees and cost; and

6. for such other and further equitable relief that the Court deems just and proper.

DATED THIS 30th DAY OF OCTOBER, 2020.

EVERETT COOK LAW

BY: _____
ADAM COOK
Attorney for plaintiff